LYNDHURST (City), Plaintiff-Appellee, v. COMPOLA, d. b. a. TASTY PIZZA SHOP, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County

No. 25205. Decided October 14, 1960.

358

*Mr. Arthur T. Wincek*, for plaintiff-appellee.
*Messrs. Michael A. Picciano, Carmen J. Milano, Andre*
*R. Valore*, for defendant-appellant.

For further hi
tory see *Omnibus Index* in bound volume.

SKEEL, J. This appeal comes to this court on questions
law from a judgment whereby, after defendant was found guil
by a jury, the trial court sentenced him to pay a fine for th
alleged violation of Ordinance 4122, Article III, Section 4
the City of Lyndhurst. The case was tried in the Lyndhur
Municipal Court.

The affidavit upon which the trial was had recited the fo
lowing:

"On or about the 5th day of December 1959 at the City
Lyndhurst, in said county and state, one Joseph Compola (Tast
Pizza Shop—5136 Mayfield Road) did, then and there sell alc
holic beverage, by the glass, and, for consumption on premises-
contrary to the provisions of Article 3, Section 4 of Ordinan
4122, Zoning Code, as amended, in violation of the good orde
peace and dignity of the City of Lyndhurst. * * *"

Ordinance 4122 (The Zoning Ordinance of the City of Lyn
hurst), in part, provides:

"Section 4—Local Retail Districts.

"The following regulations shall apply to all Local Reta
Districts, subject, however, to the provisions of Article IV an
V of this Ordinance as are pertinent.

"(a) Uses Permitted
"* * *

"(3) Restaurants and other eating places.
"* * *

"(8) Uses permitted in Local Retail Districts are subject to the following specific limitations:

"(a) No liquor or alcoholic beverages shall be sold by the glass nor for consumption on the premises.
"* * *

"Section 5—General Retail Districts.

"The following regulations shall apply to all General Retail Districts, subject, however, to such of the provisions of Article IV and V of the Ordinance as are pertinent.

"(a) Uses Permitted

"(1) All uses permitted and regulated by Article III, Section 4 (a) except as otherwise specified in Article III, Section 5 (a).

"(2) Theatres, assembly halls, bowling alleys and other similar places of amusement * * *

"(3) Hotels, restaurants and other eating places, provided, however, that no liquor shall be sold by the glass or for consumption on the premises unless the location is approved by the Board of Zoning Appeals and the approval confirmed by the Council.  ♥
"* * * *"

It is admitted that the defendant's place of business is located in a permitted use zone as shown on the zoning map designated "Local Retail District" under Article III, Section 4 (a), so that its use was restricted by the prohibition against the sale of liquor or alcoholic beverages by the glass or for consumption on the premises.

The defendant was granted a D-5 Permit by the Department of Liquor Control, State of Ohio, under Sections 121.02 and 4301.10, paragraph 2, Revised Code, on November 19, 1959, which Certificate No. 237457 was issued for a period of one year from its date.

Under the liquor law of Ohio (Section 4303.18, Revised Code), the defendant was permitted to sell beer or intoxicating liquor at retail by the glass for consumption on the premises. This section provides:

360

"Permit D-5 may be issued to the owner or operator of
night club to sell beer and any intoxicating liquor at retail, onl
by the individual drink in glass and from the container, fo
consumption on the premises where sold, only at tables wher
meals are served; and to sell the same products in the sam
manner and amounts not for consumption on the premises a
may be sold by holders of D-1 and D-2 permits. A person wh
is the holder of both a D-3 and D-3a permit need not obtai
a D-5 permit. The fee for this permit is one thousand dollars.'

It is, therefore, perfectly evident that the right of thi
defendant to a D-5 Permit is dependent on the necessity o
serving meals at tables in his establishment. In other word
he must operate a restaurant or a public place where meal
are served.

The only place in the City of Lyndhurst where food ma
be served for consumption on the premises is limited by th
zoning ordinance to Local Retail Districts and General Retai
Districts. The ordinance attempts to prohibit serving bee
and liquor by the glass for consumption by patrons in a resau
rant, in one district, and to permit it in another. The restric
tion in a Local Retail District is in direct conflict with th
statutes of this state regulating the manufacture and sale o
liquor while the provisions as to a General Retail District ar
in complete recognition of the law. The Zoning Law of th
City of Lyndhurst provides for the zone in which restaurant
may be operated, a subject with which it has power to deal
The state liquor law establishes the right of restaurant owner
who measure up to the requirements of the law where th
location of the restaurant is in a territory where a license ma
be issued to be granted a liquor permit of the proper class upo
application subject to the regulations of the Department o
Liquor Control. This is a subject within the exclusive juris
diction of the Board of Liquor Control of Ohio.

If this were not so, a Zoning Board could completely over
ride the statutes of Ohio on Local Option. The regulatio
of the manufacture and sale of liquor in Ohio has been com
pletely preempted by the state. Local authorities are withou
power to deny the right to exercise the privileges of a liquo
license where, by state law, such privileges are provided fo
under state regulation.

For the foregoing reasons, the judgment of the trial court, entered on the verdict of a jury, is reversed and final judgment s entered for the defendant.

HURD, P. J., and KOVACHY, J., concur.